JUSTICE NELSON
specially concurs.
While I concur fully in our analysis and in the result of our opinion in this case, I am, nevertheless, compelled to make an observation concerning the Tribe’s failure to intervene promptly on being first notified of these proceedings in August, 1992.
It can hardly be denied that the application of the ICWA to a child custody proceeding will likely dictate the child’s temporary and permanent placement, and, perhaps, exclude persons involved in the child’s life who might otherwise be eligible to be custodians or adoptive parents were the Act not controlling. Given that the goal of any child custody proceeding should be to restore the child to or to place the child in a permanent, stable, nurturing environment as expeditiously as possible, the failure of any person or governmental entity or agency — whether tribal or non-tribal — to promptly discharge a right or duty of participation in such a proceeding cannot not be condoned.
I appreciate that a Tribe may not immediately respond to the notice of or intervene in a child custody proceeding because in the early stages it may appear that the likely placement of the child by the State agency and court will be acceptable to the Tribe and to the Native American family members who have priority under the Act. This is all the more true because a substantial number (some 60%, in Montana) of Tribal members and their extended families reside in communities outside their reservation and may not have close ties with their Tribal government, institutions and social support. Accordingly, it may not be immediately apparent to a Tribe that it should become involved in a particular child custody proceeding.
Nonetheless, if, as in this case, circumstances cause the Tribe to intervene in the proceeding at a late stage (here, nearly two years after the initial notice), the net result may be additional litigation and substantial delay in the ultimate resolution of the child’s placement. In the usual child custody proceeding where, almost by definition, the. child’s life already lacks stability and has been seriously disrupted and where the child may have special needs, adding more delay and litigation to an already cumbersome process is simply not acceptable from the standpoint of either the child or the parties involved.
Without criticizing the motives or procedures of the Tribe in this case, I, nevertheless, submit that the early and vigorous participation of the Tribe in all child custody proceedings subject to the Act, *244 whether such participation may, initially, appear to be necessary or not, will ultimately best serve the underlying policies of the IOWA, will ensure that the proceeding will be concluded expeditiously and in accordance with applicable law, and, most importantly, will best serve the paramount right of the child to live in a stable, loving and supportive family environment.